IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
*[Electronically Filed]*

| | |
|---|---|
| MICHAEL THOMAS; and CHRISTOPHER THOMAS<br><br>        Plaintiffs,<br><br>v.<br><br>TRENTON MULKEY; THE SERVICE COMPANIES, INC.; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>        Defendants. | Case No.:<br><br>Judge: |

## NOTICE OF REMOVAL

Please take notice that Defendant, The Services Companies ("TSC"), hereby removes this action from the Gallatin County Circuit Court to the United States District Court for the Eastern District of Kentucky, Covington Division, on the following bases:

1.    On or about September 25, 2018, Plaintiffs, Michael Thomas and Christopher Thomas ("Plaintiffs"), filed their Complaint in the Gallatin County Circuit Court, Division I, Civil Action No. 18-CI-115, against Trenton Mulkey ("Mulkey"), TSC, and Allstate Property and Casualty Insurance Company ("Allstate") (collectively "Defendants"), asserting negligence claims against Mulkey and TSC and asserting claims for uninsured/underinsured motorist ("UM/UIM") benefits against Allstate.  (*See* state court pleadings, collectively attached hereto as Exhibit 1.)  All of the claims stem from a motor vehicle accident.

2.    On or about October 22, 2018, the Kentucky Secretary of State received the summons for TSC, and forwarded it to TSC on October 24, 2018.  (*See* Exhibit 1.)

3. According to Plaintiffs' Complaint, Plaintiffs are now and were at the commencement of this action citizens of Tennessee. (*See* Plaintiffs' Complaint, ¶¶1-2.)

4. According to Plaintiffs' Complaint, Defendant Mulkey is now and was at the commencement of this action a citizen of Indiana. (*See* Plaintiff's Complaint, ¶3.)

5. At all times relevant to Plaintiffs' Complaint, TSC was and is a citizen of Florida, because it is a corporation organized under the laws of Florida and its principal place of business is located in Miami Lakes, Florida.

6. At all times relevant to Plaintiffs' Complaint, Allstate was and is a citizen of Illinois, because it is organized under the laws of Illinois and its principal place of business is located in Northbrook, Illinois.

7. The face of Plaintiffs' Complaint indicates that both Plaintiffs intend to seek damages in excess of $75,000 each, exclusive of costs and interest. Specifically, Plaintiffs allege throughout their Complaint that they "sustained and continue to suffer from serious and permanent bodily injuries." (*See* Plaintiffs' Complaint, ¶15.) Additionally, both Plaintiffs have alleged the following damages:

   a. physical pain, past, present and future;
   b. emotional suffering and grief, past, present and future;
   c. healthcare expenses, past present and future;
   d. permanent injury, impairment and partial disability;
   e. property damage; loss of earnings and/or earning capacity;
   f. costs of this action; and
   g. all other damages and relief allowed under the laws of the Commonwealth of Kentucky to which they may be entitled.

(*See* Plaintiffs' Complaint, ¶23.) Last and most importantly, in addition to whatever amounts Plaintiffs intend to seek from Mulkey and TSC for these damages, Plaintiffs allege in their Complaint that they were insured under a policy of insurance issued by Allstate "which provided uninsured/underinsured motorist coverage on three vehicles for

9448663v.1

separate premiums and with limits in the amount of $250,000 for each person. Pursuant to the terms of said insurance policy, the Plaintiffs are entitled to the full amount of the uninsured/underinsured motorist coverage provided by said insurance policy." (*See* Plaintiffs' Complaint, ¶25.) Given the nature of the underlying tort claim against TSC, the obvious conclusion is that Plaintiffs intend to seek at least $250,000 each from TSC, because they would not be alleging that they are potentially underinsured up to that amount if they were not also alleging that they intend to seek those same amounts initially from the TSC (and Mulkey).

8. As such, removal is proper and this Court has original jurisdiction over this action under 28 U.S.C. §1332(a)(1), because the parties are citizens of different states and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Even if somehow under this scenario Plaintiffs do not intend to seek at least $250,000 each from TSC, which is illogical, the Court still has supplemental jurisdiction over TSC and Mulkey pursuant to 28 U.S.C. §1367, because Plaintiffs admit they intend to seek at least $250,000 each from Allstate, and the remaining claims against Mulkey and TSC "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. §1367(b).

9. According to Plaintiff's Complaint, venue was proper in Gallatin County, Kentucky, because the subject motor vehicle accident occurred in Gallatin County. (*See* Exhibit 1.) Accordingly, this action is hereby removed to the United States Court for the

9448663v.1

Eastern District of Kentucky, Covington Division, pursuant to U.S.C. §§ 1441 and 1446 and pursuant to the Joint Local Rules of Civil Practice, LR 3.1.

11. This Notice of Removal is filed within thirty (30) days of TSC being served with the initial pleading setting forth the claim for relief upon which the proceeding is based.

                    Respectfully submitted,

                    */s/ Lynsie Gaddis Rust*_____
                    Lynsie Gaddis Rust
                    Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                    100 Mallard Creek Road, Suite 250
                    Louisville, KY 40207
                    Telephone: 502.238.8500
                    Facsimile: 502.238.7995
                    lynsie.rust@wilsonelser.com
                    *Counsel for Defendant The Service Companies, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on the 20th of November, 2018, I electronically filed this document through the ECF system which will send a notice of electronic filing to the following:

Patrick Kilgore
Rocky McElhaney Law Firm, P.C.
475 Saundersville Road
Hendersonville, TN 37075
*Counsel for Plaintiffs*

Anthony J. Iaciofano
Benjamin, Heather, Iaciofano & Bitter, LLC
300 Pike Street, Suite 500
Cincinnati, Ohio 45202
*Counsel for Defendant, Allstate Property and Casualty Insurance Company*

This is to certify that on the 20th of November, 2018, I also mailed this document through U.S. mail to the following:

Trenton Mulkey
501 East Spring Street, No. 105
New Albany, IN 47150

The undersigned also hereby certifies that a copy of the foregoing was filed with the Gallatin County Circuit Court pursuant to 28 U.S.C. 1446(d).

           /s/ Lynsie Gaddis Rust
           *Attorneys for Defendant*

9448663v.1