

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

October 24, 2018

THE SERVICE COMPANIES, INC., ET AL
C/O CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 18-CI-00115

COURT:  Circuit Court Clerk
        Gallatin County
        PO Box 256
        Warsaw, KY 41095
        Phone: (859) 567-5241

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    **(1) Your attorney, or**
    **(2) The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
    **(3) The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

| AOC-105              Doc. Code: CI | | Case No. _18 - CI - 00115_ |
| Rev. 1-07 | | Court  [✓] Circuit [ ] District |
| Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | County  Gallatin [✓] |

**PLAINTIFF**

Michael                    J.                Thomas, et al

540 Brixham Park Drive                              **RECEIVED**

                                                   OCT 22 2018
Franklin              Tennessee  [✓] 37069

VS.                                                **SECRETARY OF STATE**

                                                   **DEFENDANT**

The Service Companies, Inc., et al

c/o Corporation Service Company

1201 Hays Street

Tallahassee              Florida  [✓] 32301


**Service of Process Agent for Defendant:**

Corporation Service Company

1201 Hays Street

Tallahassee, FL 32301

Via Kentucky Secretary of State pursuant to KRS 454.210

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _9-25_ , _2018_              _Pam McIntyre_ _____ Clerk

                         By: _D. Kelly_ _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                              _____ Title

CIVIL ACTION NO. _18-CI-00115_

GALLATIN CIRCUIT COURT
DIVISION _1_
JURY DEMAND

MICHAEL THOMAS and
CHRISTOPHER THOMAS,

PLAINTIFFS,

vs.                                    COMPLAINT

TRENTON MULKEY,
Serve: Trenton Mulkey
        501 East Spring Street, No. 105
        New Albany, Indiana 47150
        Via Kentucky Secretary of State
        pursuant to KRS 454.210

THE SERVICE COMPANIES, INC.,
Serve: Corporation Service Company
        1201 Hays Street
        Tallahassee, Florida 32301
        Via Kentucky Secretary of State
        pursuant to KRS 454.210

and

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,
Serve: C.T. Corporation System
        306 W. Main Street, Suite 512
        Frankfort, Kentucky 40601
        Via Franklin County Sheriff

DEFENDANTS.

FILED
SEP 2 5 2018
PAM McINTYRE, CLERK
GALLATIN CIRCUIT DISTRICT COURT

ATTEST: A TRUE COPY
Pam McIntyre
Gallatin Circuit Clerk

***** ***** *****

Come now the Plaintiffs, by counsel, and for their cause of action against the above-named Defendants would show the Court as follows:

1

## PARTIES

1.      The Plaintiff, Michael Thomas, is a citizen and resident of Williamson County, Tennessee.

2.      The Plaintiff, Christopher Thomas, is a citizen and resident of Williamson County, Tennessee.

3.      The Defendant, Trenton Mulkey, is a citizen and resident of Floyd County, Indiana, and he may be served at 501 East Spring Street, No. 105, New Albany, Indiana 47150, via the Kentucky Secretary of State pursuant to KRS 454.210.

4.      The Defendant, The Service Companies, Inc. ("TSC"), is a Florida corporation, and it may be served through its agent for service, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301, via the Kentucky Secretary of State pursuant to KRS 454.210.

5.      The Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), is an insurance company authorized to do business in the Commonwealth of Kentucky, and it may be served through its agent for service, C.T. Corporation System, at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

## JURISDICTION AND VENUE

6.      The Plaintiffs' cause of action arises in tort under and by virtue of the laws of the Commonwealth of Kentucky for the damages they sustained as the result of a motor vehicle collision that occurred on or about March 24, 2018, on I-71 in Gallatin County, Kentucky.

7.      This Court has jurisdiction over the parties and the Plaintiffs' action, and venue is proper in this Court.

2

## FACTUAL ALLEGATIONS

8.    The motor vehicle collision which is the subject of this action occurred on or about March 24, 2018, on I-71 in Gallatin County, Kentucky.

9.    At all times relevant to the Plaintiffs' action, Plaintiff Michael Thomas was operating his motor vehicle in a safe and prudent manner while traveling north bound on I-71, and said Plaintiff was otherwise exercising the requisite degree of care for his own safety.

10.    At all times relevant to the Plaintiffs' action, Plaintiff Christopher Thomas was a passenger in the vehicle operated by Plaintiff Michael Thomas, and Plaintiff Christopher Thomas was exercising the requisite degree of care for his own safety.

11.    At all times relevant to the Plaintiffs' action, Defendant Mulkey was operating his motor vehicle while traveling north bound on I-71 some distance behind the Plaintiffs' vehicle.

12.    At all times relevant to the Plaintiffs' action, Defendant Mulkey was an employee of Defendant TSC.

13.    At all times relevant to the Plaintiffs' action, Defendant Mulkey was operating his vehicle while acting within the course and scope of his employment with Defendant TSC, for the benefit of Defendant TSC, and/or while on the business of Defendant TSC.

14.    At all times relevant to the Plaintiffs' action, Defendant TSC was acting by and through its employees, including Defendant Mulkey, and Defendant TSC is responsible for the acts of its employees pursuant to the doctrine of respondeat superior, agency and similar laws.

15.    At the aforesaid time and place, Defendant Mulkey failed to maintain control of his vehicle, and he negligently and carelessly caused the vehicle he was operating to collide with the Plaintiffs' vehicle.  As a result of that collision, the Plaintiffs sustained and continue to suffer from serious and permanent bodily injuries.

3

16.    The Plaintiffs have complied with all relevant provisions of the Kentucky Motor Vehicle Reparations act.

## DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

17.    The Plaintiffs aver that Defendant Mulkey was guilty of the following acts of common law negligence in that he failed to:

a.   maintain the vehicle he was driving under proper and reasonable control;

b.   maintain a proper lookout for other vehicles on the roadway;

c.   operate the vehicle he was driving at an appropriate speed for existing conditions;

d.   bring the vehicle he was driving under control and to stop when there was sufficient time and distance to do so before striking the Plaintiffs' vehicle;

e.   drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway; and

f.   see that which was there to be seen and take proper action with respect thereto.

18.    The Plaintiffs aver that Defendant Mulkey was negligent in violating the following statutes of the Commonwealth of Kentucky which were in full force and effect at the time of the described collision, constituting negligence per se, in that he failed to:

a.   operate his vehicle in a careful manner in violation of KRS §189.290;

b.   safely follow the Plaintiffs' vehicle in violation of KRS §189.340; and

c.   operate his vehicle at a speed that was reasonable in violation of KRS §189.390.

19.    Defendant TSC is vicariously liable for the negligence of Defendant Mulkey.

20.    In order that all potential causes of action that might be applicable to this loss are asserted, in the event it is determined that Defendant TSC was negligent in hiring, training and/or supervising Defendant Mulkey, those actions are plead as additional bases for relief.

4

## CAUSATION

21.    The Plaintiffs aver that Defendant Mulkey owed a duty to exercise ordinary and reasonable care and to drive in a safe, careful and lawful manner, but Defendant Mulkey breached his duties and was negligent on the date of the collision in question. The negligence of Defendant Mulkey as set forth above directly and proximately caused the described collision and resulted in injuries to the Plaintiffs and the damages and losses herein sought by the Plaintiffs.

22.    As a direct and proximate result of the negligence of Defendant Mulkey and the direct, vicarious and/or imputed negligence of Defendant TSC, the Plaintiffs suffered serious, disabling and permanent bodily injuries, causing the Plaintiffs to become liable for medical and other expenses and to suffer bodily impairments.

## DAMAGES

23.    As a direct and proximate result of the Defendants' negligence, the Plaintiffs allege that they are entitled to damages in an amount that exceeds the jurisdictional limits of this Court. The Plaintiffs' injuries and damages include, but are not limited to, the following specific items of damages:

    a.   Physical pain, past, present, and future;

    b.   Emotional suffering and grief, past, present, and future;

    c.   Healthcare expenses, past, present, and future;

    d.   Permanent injury, impairment and partial disability;

    e.   Property damage;

    f.   Loss of earnings and/or earning capacity;

    g.   Costs of this action; and

h.  All other damages and relief allowed under the laws of the Commonwealth of Kentucky to which they may be entitled.

## DEFENDANT ALLSTATE

24.  The Plaintiffs incorporate by reference the above and forgoing allegations.

25.  At all times relevant to the Plaintiffs' action, the Plaintiffs were insured under a policy of insurance issued by Defendant Allstate, policy number 968-743-697, which provided uninsured/underinsured motorist coverage on three vehicles for separate premiums and with limits in the amount of $250,000.00 for each person.  Pursuant to the terms of said insurance policy, the Plaintiffs are each entitled to the full amount of the uninsured/underinsured motorist coverage provided by said insurance policy.

WHEREFORE, the Plaintiffs, Michael Thomas and Christopher Thomas, demand as follows:

1.  Plaintiff Michael Thomas respectfully demands judgment against the Defendants, and each of them, for compensatory damages in an amount determined by the trier of fact, but in an amount in excess of the minimum jurisdictional limits of this Court.

2.  Plaintiff Christopher Thomas respectfully demands judgment against the Defendants, and each of them, for compensatory damages in an amount determined by the trier of fact, but in an amount in excess of the minimum jurisdictional limits of this Court.

3.  Trial by jury.

4.  Court costs and attorney's fees as permitted by law.

5.  Any and all other relief to which the Plaintiffs may appear entitled.

Respectfully submitted,

Rocky McElhaney Law Firm, P.C.

Patrick Kilgore, KBA #82794
475 Saundersville Road
Hendersonville, Tennessee 37075
Phone:  (615) 932-8600
Fax:      (615) 425-2501
Patrick@rockylawfirm.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATION

The undersigned does hereby certify that the following entities have been notifed of the pendency of this action by provision of a true and accurate copy of this Complaint via certified mail, return receipt requested, for any and all purposes relating to subrogation interests which might be asserted herein, underinsured motorists benefits, or any other purpose which, under law, might mandate notice of the pendency of this action. Pursuant to KRS 411.188, you are respectfully notified that failure to assert subrogation rights in this case by intervention pursuant to Kentucky Civil Rule 24 will result in loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
AllState Property and Casualty Insurance Company
P.O. Box 660636
Dallas, Texas 75266

| | | |
|---|---|---|
| IN RE: | Our Clients: | Michael J. Thomas |
| | | Christopher J. Thomas |
| | Your Insured: | Michael J. Thomas |
| | Your Claim: | 0496645441 |
| | DOI: | 03/24/2018 |

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Anthem Blue Cross Blue Shield
P.O. Box 659940
San Antonio, TX 78265-9939

| | | |
|---|---|---|
| IN RE: | Our Clients: | Michael J. Thomas |
| | | Christopher J. Thomas |
| | Your Member: | Michael J. Thomas |
| | Your File No.: | 91861693 |
| | DOI: | 03/24/2018 |

7

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Cincinnati Insurance Company
P.O. Box 824
Sidney, Ohio 45365

|  | IN RE: | Our Clients: | Michael J. Thomas |
|---|---|---|---|
|  |  |  | Christopher J. Thomas |
|  |  | Your Insured: | BD Transportation |
|  |  | Your Claim: | 3090100 |
|  |  | DOI: | 03/24/2018 |

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Gallagher Bassett Services, Inc.
P.O. Box 2934
Clinton, Iowa 52733-2934

|  | IN RE: | Our Clients: | Michael J. Thomas |
|---|---|---|---|
|  |  |  | Christopher J. Thomas |
|  |  | Your Insured: | The Service Companies |
|  |  | Your Claim: | 004351-002794-AB-01 / -AB-02 |
|  |  | DOI: | 03/24/2018 |

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Progressive County Mutual Insurace
9520 Ormsby Station Road
Suite 200
Louisville, Kentucky 40223

|  | IN RE: | Our Clients: | Michael J. Thomas |
|---|---|---|---|
|  |  |  | Christopher J. Thomas |
|  |  | Your Insured: | Trenton A. Mulkey |
|  |  | Your Claim: | 18-1016410 |
|  |  | DOI: | 03/24/2018 |

This _12_ day of September, 2018.


Counsel for Plaintiffs

8

7018 0680 0000 4208 0662



**Kentucky**
UNBRIDLED SPIRIT™

**ALISON LUNDERGAN GRIMES**
**SECRETARY OF STATE**

P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ *REGISTER TO VOTE*

THE SERVICE COMPANIES, INC., ET AL
C/O CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Filed          18-CI-00115    11/12/2018          Pam McIntyre, Gallatin Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                         11/20/2018 03:10:34 PM
                                                                         84382-2

COMMONWEALTH OF KENTUCKY
GALLATIN CIRCUIT COURT
DIVISION 1
CASE NO.  18-CI-00115

MICHAEL THOMAS, et al.,                              PLAINTIFFS

     -vs-

TRENTON MULKEY, et al.,                              DEFENDANTS

---

### ANSWER OF DEFENDANT, ALLSTATE
### PROPERTY AND CASUALTY INSURANCE COMPANY,
### AND CROSSCLAIM AGAINST DEFENDANTS, TRENTON MULKEY AND THE
### SERVICE COMPANIES, INC.
### *(Electronically filed)*

---

Comes now Defendant, the Allstate Property and Casualty Insurance Company, and for its

Answer to Plaintiffs' Complaint, states as follows:

### FIRST DEFENSE

### ANSWER TO PARTIES

1.   Denies for want of knowledge the allegations of Paragraphs 1, 2, 3, and 4.

2.   Admits the allegations of Paragraph 5.

### ANSWER TO JURISDICTION AND VENUE

3.   Denies for want of knowledge the allegations of Paragraphs 6, 7, 9, 10, 11, 12, 13, 14, 15

and 16.

4.   Admits the allegations of Paragraph 8.

### ANSWER TO DEFENDANTS' ACTS OF NEGLIGENCE
### AND STATUTORY VIOLATIONS

5.   Denies for want of knowledge the allegations of Paragraphs 17, 18, 19 and 20.

Filed          18-CI-00115    11/12/2018          Pam McIntyre, Gallatin Circuit Clerk

AACR : 000001 of 000008

Filed                18-CI-00115    11/12/2018                Pam McIntyre, Gallatin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                                            11/20/2018 03:10:34 PM
                                                                                                            84382-2

## ANSWER TO CAUSATION

6.   Denies for want of knowledge the allegations of Paragraphs 21 and 22.

## ANSWER TO DAMAGES

7.   Denies for want of knowledge the allegations of Paragraph 23.

## ANSWER TO DEFENDANT ALLSTATE

8.   For answer to Paragraph 24, this answering Defendant incorporates herein, as though fully restated, its answers as set forth above.

9.   For answer to Paragraph 25, Allstate admits the existence of the subject matter auto insurance policy, with the policy number and the per person limits, as stated in said Paragraph, and denies, for want of knowledge, all other allegations of said Paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

10.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11.      This Defendant states that the injuries and damages complained of by the Plaintiffs, if any, may have been caused and brought about either in whole or in part by a pre-existing condition or by negligence, contributory negligence, or comparative fault, and/or failure to follow medical advice, on the part of the Plaintiffs and this Defendant pleads and relies upon same as a complete or partial bar to recovery by the Plaintiffs against this Defendant.

## THIRD AFFIRMATIVE DEFENSE

12.      Plaintiffs' damages, if any, are subject to a statutory cap.

2

AACR : 000002 of 000008

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk NOT ORIGINAL DOCUMENT
11/20/2018 03:10:34 PM
84382-2

### FOURTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' injuries/damages, if any, may have been caused by the acts or omissions of one or more third parties for whom this answering Defendant is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims may be barred due to a lack of foreseeability and/or lack of proximate cause and/or by the doctrine of intervening, superseding causation.

### SIXTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' damages, if any, may be subject to a setoff.

### SEVENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs may not be the real party in interest as to some or all of their claims for damages.

### EIGHTH AFFIRMATIVE DEFENSE

17.     Plaintiffs may have failed to join all necessary and indispensable parties.

### NINTH AFFIRMATIVE DEFENSE

18.     Plaintiffs may have failed to mitigate damages, if any.

### TENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' action may be time barred.

### ELEVENTH AFFIRMATIVE DEFENSE

20.     Plaintiffs may have failed to properly commence and/or effectively/validly serve the answering Defendant.

AACR : 000003 of 000008

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk

NOT ORIGINAL DOCUMENT
11/20/2018 03:10:34 PM
84382-2

### TWELFTH AFFIRMATIVE DEFENSE

21.     That the liability of this Defendant, if any, should be, to the extent of the first

$10,000.00 payable in economic damages as provided by the provisions of the No Fault Act, KRS

304.39, et. seq., abolished and excluded under the laws of the Commonwealth of Kentucky.

### THIRTEENTH AFFIRMATIVE DEFENSE

22.     That all or a portion of the medical expenses of the Plaintiffs were not necessary

and/or reasonably needed, were for pre-existing or subsequent problems, and/or were not directly

connected with or a result of the accident complained of in Plaintiffs' Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

23.     This Defendant pleads and relies upon the provisions of the Kentucky Revised

Statute, K.R.S. 304.39, et seq., commonly known as the Kentucky No-Fault law, and further relies

upon the provisions of KRS 304.20-020 and KRS 304.39-320 as a complete or partial bar to

recovery by the Plaintiffs against this Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

24.    Plaintiffs either have not or may not have complied with the terms of the alleged insurance

contract with Allstate.  Specifically, Plaintiffs have not exhausted the insurance contract limits of

the alleged tortfeasors, and, therefore, the claims for underinsured motorist coverage are or may be

premature and not ripe.

### SIXTEENTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' claims either are or may be barred by the specific terms and conditions of

Allstate's contract of insurance.

4

AACR : 000004 of 000008

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk      NOT ORIGINAL DOCUMENT
                                                                                                       11/20/2018 03:10:34 PM
                                                                                                       84382-2

### SEVENTEENTH AFFIRMATIVE DEFENSE

26.    Plaintiffs' claims either are or may be barred by the specific terms and conditions of the Allstate policy which either does or may include provisions regarding lack of applicable coverage for the claimed losses, failure to provide timely notice of the claim, and any and all other relevant exclusions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27.    Allstate reserves the right to amend its Answer to Plaintiffs' Complaint by adopting in whole or in part any defense asserted by any other party to all claims asserted by Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

28.    If Allstate is, in fact, a UM/UIM carrier, potentially liable to Plaintiffs, which is denied, Allstate is secondary to one or more other tortfeasors and/or UM/UIM carriers who are primarily responsible for any payment to Plaintiffs, or the alleged Allstate contract may be prorata in respect to one or more other UM/UIM policies.

### TWENTIETH AFFIRMATIVE DEFENSE

29.    In accordance with the Kentucky Rules of Civil Procedure, Allstate reserves the right to amend its pleadings to conform with discovery or evidence at trial, or for purposes of asserting counterclaims, third-party claims, additional crossclaims, and/or declaratory judgment actions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

30.    Plaintiffs' alleged recovery for the contract claims against Allstate is limited to the amount of coverage stated in the insurance contract.

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk

AACR : 000005 of 000008

### TWENTY-SECOND AFFIRMATIVE DEFENSE

31.  Plaintiffs may have breached the terms and conditions of the insurance contract through direct and indirect actions and otherwise may not be entitled to recovery under the insurance contract pursuant to its terms, conditions, and exclusions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

32.  The claims of Plaintiffs are or may be barred by a failure of consideration and by a want of consideration.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

33.  Plaintiffs' alleged injuries and damages, if any, are or may be the direct and proximate result of Plaintiffs' failure to use, or failure to properly use, or the non-use of a seatbelt or operator/passenger restraint system.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

34.  Defendant, the Allstate Property and Casualty Insurance Company, reserves the right to raise such further defenses as shall become manifest during the completion of discovery.

### CROSSCLAIM OF DEFENDANT, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, AGAINST DEFENDANTS, TRENTON MULKEY AND THE SERVICE COMPANIES, INC.

Comes now Crossclaim Defendant, the Allstate Property and Casualty Insurance Company, and for its Crossclaim against Defendants, Trenton Mulkey and The Service Companies, Inc., states as follows:

1.  That if this crossclaiming Defendant is found liable to Plaintiffs, under the pending Complaint, then it is entitled to a judgment of contribution and/or a judgment of indemnification against Defendants Trenton Mulkey and The Service Companies, Inc., pursuant to KRS 304.20-202

6

AACR : 000006 of 000008

NOT ORIGINAL DOCUMENT
11/20/2018 03:10:34 PM
84382-2

and as a matter of common law contribution and/or indemnification, plus the costs of defending this action, including reasonable attorney's fees.

**WHEREFORE**, having fully answered, Defendant, the Allstate Property and Casualty Insurance Company, prays as follows:

A.  That Plaintiffs' Complaint be dismissed, with prejudice;

B.  In the alternative, for a judgment upon its Crossclaim set forth herein;

C.  For its costs, expenses and attorney fees expended;

D.  For a trial by jury;

E.  For apportionment of fault among all potentially responsible parties; and

F.  For any and all other relief to which it may be entitled.

Respectfully submitted,

_/s/ Anthony J. Iaciofano_
Anthony J. Iaciofano #87620
BENJAMIN, HEATHER, IACIOFANO &
BITTER, LLC
300 Pike Street, Ste. 500
Cincinnati, OH 45202
(513) 721-5672
*Attorney for Defendant, the Allstate Property
and Casualty Insurance Company*

7

AACR : 000007 of 000008

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk  NOT ORIGINAL DOCUMENT
11/20/2018 03:10:34 PM
84382-2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Crossclaim has been served upon the following parties via Email and/or Ordinary Mail on this 12th day of November, 2018.

Patrick Kilgore, Esq.
Rocky McElhaney Law Firm, P.C.
475 Saundersville Road
Hendersonville, TN 37075
patrick@rockylawfirm.com
*Attorney for Plaintiffs*

Trenton Mulkey
501 East Spring Street, No. 105
New Albany, IN 47150

The Service Companies, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

              */s/ Anthony J. Iaciofano*
              Anthony J. Iaciofano #87620

8

AACR : 000008 of 000008

Filed          18-CI-00115     11/12/2018          Pam McIntyre, Gallatin Circuit Clerk

NOT ORIGINAL DOCUMENT
11/20/2018 03:10:47 PM
84382-2

COMMONWEALTH OF KENTUCKY
GALLATIN CIRCUIT COURT
DIVISION ONE (1)
CASE NO. 18-CI-00115
*[Electronically Filed]*

MICHAEL THOMAS
and
CHRISTOPHER THOMAS                                                    PLAINTIFFS

v.          **DEFENDANT, THE SERVICE COMPANIES, INC.'S,**
**ANSWER TO PLAINTIFFS' COMPLAINT**

TRENTON MULKEY
and
THE SERVICE COMPANIES, INC.
and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                    DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant, The Service Companies, Inc. ("TSC"), for its Answer to Plaintiffs' Complaint, states:

1.      Each and every allegation not admitted herein it hereby denied.

2.      Defendant TSC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2 and 3 of Plaintiffs' Complaint, and therefore, denies same.

3.      Defendant TSC admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

4.      Defendant TSC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore, denies same.

1

9430987v.1

Filed          18-CI-00115    11/16/2018          Pam McIntyre, Gallatin Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                                          11/20/2018 03:10:47 PM
                                                                                          84382-2

5.     The allegations contained in paragraphs 6 and 7 of Plaintiffs' Complaint state pure legal conclusions, to which no response is necessary.   To the extent that a response is required, Defendant TSC denies same.

6.     Defendant TSC admits the allegations contained in paragraph 8 of Plaintiffs' Complaint.

7.     Defendant TSC denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

8.     Defendant TSC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 and 11 of Plaintiffs' Complaint, and therefore, denies same.

9.     Defendant TSC denies the allegations contained in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Plaintiffs' Complaint.

10.     With regard to the allegations contained in paragraph 24 of Plaintiffs' Complaint, no response is necessary of Defendant TSC. To the extent that a response is required, Defendant TSC denies same.

11.     Defendant TSC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Complaint, and therefore, denies same.

12.     The remainder of Plaintiffs' Complaint constitutes a prayer for relief to which no response is required.  However, to the extent a response is required, Defendant TSC denies that Plaintiffs are entitled to the relief requested.

ANS : 000002 of 000005

9430987v.1

Filed          18-CI-00115    11/16/2018          Pam McIntyre, Gallatin Circuit Clerk

Filed          18-CI-00115    11/16/2018          Pam McIntyre, Gallatin Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                       11/20/2018 03:10:47 PM
                                                                                       84382-2

### FIRST DEFENSE

All or part of Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendant TSC and should be dismissed.

### SECOND DEFENSE

All or part of Plaintiffs' claims may be barred by the provisions of the Kentucky Motor Vehicle Reparations Act (KRS 304.39, *et seq.*).

### THIRD DEFENSE

All or part of Plaintiffs' damages may have been caused or contributed to by the actions or inactions of third parties who are not parties to this action, and therefore, Plaintiffs' right of recovery should be precluded or otherwise diminished by the fault of these third parties.

### FOURTH DEFENSE

All or part of Plaintiffs' damages may have been caused or contributed to by Plaintiffs, and therefore, Plaintiffs' right of recovery should be precluded and/or Plaintiffs' recovery should be diminished by the extent of their wrongdoing.

### FIFTH DEFENSE

Defendant TSC pleads that any money Plaintiffs recover from any other source for alleged injuries and/or damages, if any, should be an offset to any judgment rendered against Defendant TSC, if any.

### SIXTH DEFENSE

If, at the time of the accident, Plaintiffs were not using a safety restraint device, available seatbelts, passive restraint systems, appropriate head rests and/or other comparable available safety equipment, then they failed to exercise ordinary care for their own safety and Plaintiffs' claims should be dismissed or recovery diminished by reason of their own negligence.

3

9430987v.1

ANS : 000003 of 000005

NOT ORIGINAL DOCUMENT
11/20/2018 03:10:47 PM
84382-2

### SEVENTH DEFENSE

Plaintiffs have an obligation to mitigate their damages. To the extent Plaintiffs have not done so, Defendant TSC is entitled to a credit or setoff against any amount awarded to Plaintiffs in the amount of the damages that could have been reasonably avoided by Plaintiffs.

### EIGHTH DEFENSE

Defendant TSC pleads the sudden emergency doctrine.

### NINTH DEFENSE

Defendant TSC hereby reserves the right to raise additional affirmative defenses and to assert counterclaims and third party claims in the future.

WHEREFORE, for the foregoing reasons, Defendant The Service Companies, Inc., respectfully requests the following relief:

1.   Dismissal of Plaintiffs' Complaint, with prejudice;

2.   Its costs herein expended, including a reasonable attorney's fee;

3.   Trial by jury; and

4.   Any and all other relief to which Defendant The Service Companies, Inc. may reasonably appear to be entitled.

Respectfully submitted,

*/s/ Lynsie Gaddis Rust*
Lynsie Gaddis Rust
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502.238.8500
Facsimile: 502.238.7995
lynsie.rust@wilsonelser.com
*Counsel for Defendant The Service Companies, Inc.*

4

9430987v.1

ANS : 000004 of 000005

NOT ORIGINAL DOCUMENT
11/20/2018 03:10:47 PM
84382-2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Jefferson Circuit Court Clerk on November 16, 2018 and a true and accurate copy of same was sent via regular U.S. mail to:

Patrick Kilgore
Rocky McElhaney Law Firm, P.C.
475 Saundersville Road
Hendersonville, TN 37075
*Counsel for Plaintiffs*

Anthony J. Iaciofano
Benjamin, Heather, Iaciofano & Bitter, LLC
300 Pike Street, Suite 500
Cincinnati, Ohio 45202
*Counsel for Defendant, Allstate Property and Casualty Insurance Company*

Trenton Mulkey
501 East Spring Street, No. 105
New Albany, IN 47150

/s/ *Lynsie Gaddis Rust*
*Counsel   for   Defendant   The   Service Companies, Inc.*

9430987v.1

5

ANS : 000005 of 000005